```
        THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
                              CENTRAL DIVISION
```

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| THOMAS PLUSTWIK, | ) | Case No. 2:11CV00757 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| VOSS OF NORWAY ASA, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff Thomas Plustwik complains that while working at a restaurant and "stocking a box of VOSS sparkling water one bottle bumped against another causing one of the VOSS bottles to explode, sending shards of glass towards [his] face", Compl. ¶7, causing him injury.

Plaintiff filed suit claiming strict product liability, negligence and breach of express and implied warranty claims against Defendant Voss of Norway ASA ("Voss").  Voss moves for summary judgment asserting that Mr. Plustwik fails to establish the elements of those claims.

## II.  SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The

burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Before the court can rule on a party's motion for summary judgment, the moving party must satisfy its burden of production in one of two ways: by putting evidence into the record that affirmatively disproves an element of the non-moving party's case, or by directing the court's attention to the fact that the non-moving party lacks evidence on an element of its claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323-25.  On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts to make a showing sufficient to establish the existence of an element essential to his case in order to survive summary judgment." *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007)(internal quotations and brackets omitted).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be

---

[1] Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

2

useless and the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. 242.

### III.  DISCUSSION

**A.  Strict Liability, Negligence (First & Second Claims)**

Mr. Plustwik alleges that the Voss water bottle was defective and unreasonably dangerous due to defects in the design, manufacture and warnings of the sparkling water and glass bottle at issue, and that Voss was negligent in its duty to exercise reasonable care as to those matters.

As Voss notes, a plaintiff in a strict products liability case must show: "(1) that the product was unreasonably dangerous due to a defect or defective condition, (2) that the defect existed at the time the product was sold, and (3) that the defective condition was a cause of the plaintiff's injuries." *Brown v. Sears, Roebuck & Co.*, 328 F.3d 1274, 1279 (10th Cir. 2003)(quoting *Burns v. Cannondale Bicycle Co.*, 876 P.2d 415, 418 (Utah Ct. App.

1994)(internal quotation marks omitted).[2]  It is not enough to simply show that the product failed.  See *Burns*, 876 P.2d at 418.

Mr Plustwik's claim for negligence also requires that he establish a causal connection between the alleged product defect and his resulting injury.  See *Niemela*, 263 P.3d at 1198 ("plaintiff claiming negligence in [product liability] context must prove the ordinary elements of negligence, including duty and causation").

The evidence is that Mr. Plustwik was handling a box of Voss water bottles when a bottle contained within the box contacted another bottle and broke, and a shard of glass cut Mr. Plustwik's cheek.  No admissible evidence has been presented to the Court that the product was unreasonably dangerous, that any claimed defect existed at the time the product was sold or that the defect was a cause of his injuries.

---

[2]*See also Niemela v. Imperial Mfg., Inc.*, 263 P.3d 1191, 1198 (Utah Ct. App. 2011), *cert. denied*, 272 P.3d 168 (Utah 2012).
> Although the tort of strict products liability is a creature of common law, see *Brown v. Sears, Roebuck & Co.*, 328 F.3d 1274, 1278-79 (10th Cir. 2003)(applying Utah law), the Utah Product Liability Act provides the standard for determining whether a product is defective.  Under this standard, a plaintiff must show that the product was unreasonably dangerous to the user or consumer at the time it was sold by the manufacturer or other initial seller. [*see* Utah Code Ann. § 78B-6-703(1)(2008)]

Voss, therefore, is entitled to summary judgment on Plaintiff's First and Second Claims because, other than his inadmissible conclusory assertions, Mr. Plustwik has failed to submit any admissible evidence in support of his claims that Voss's product was unreasonably dangerous due to a defect or defective condition, or that the defective condition was a cause of his injuries. The hand written letter prepared by Plaintiff and claiming to be the words of a previously unidentified bottle expert is inadmissible. The Court agrees with Voss that the purported statements are hearsay, speculative, lack foundation, are inadmissible under Fed. R. Civ. P. 26 for Plaintiff's failure to timely disclose her as an expert, and inadmissible under Fed. R. Evid. 702 and 703 for failure to utilize proper methodology and failure to rely on facts in the record.

**B. Breach of Express and Implied Warranties (Third, Fourth and Fifth Claims)**

Mr. Plustwik also alleges in the Complaint that Voss expressly or impliedly warranted that the bottle was free from defects and safe to use as intended.

As discussed by Defendant in its pleadings, there is no evidence that any warranty was created or breached under any of Mr. Plustwik's three theories. Absent any admissible evidence there is nothing to present to a jury and Voss is also entitled to summary judgment on Plaintiff's Third, Fourth and Fifth Claims.

## IV CONCLUSION

For the reasons stated, as well as generally for those reasons set forth by Voss in its pleadings, Voss's Motion for Summary Judgment (Doc. #33) is granted.  The Clerk of the Court is requested to enter final judgment for Voss.

It is so ordered.

DATED this 8th day of May, 2013.

BY THE COURT:

_David Sam_
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT